# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1972V
(not to be published)

| | |
|---|---|
| TIMOTHY ELENTENY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 31, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Andrew Henning*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On December 30, 2019, Timothy Elenteny filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza vaccine he received on December 28, 2018. Petition, ECF No. 1. On February 1, 2023, I issued a decision awarding compensation to following briefing and Motions Day argument by the parties. ECF No. 55.

  Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $56,793.30 (representing $54,854.10 for fees and $1,939.20 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion"), filed Apr. 18, 2023, ECF No. 60. In

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 1.

Respondent reacted to the motion on Apr. 18, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 61. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable, and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $497 for work performed by Edward Kraus - representing a rate increase of $25; and $436 for work performed by Amy Kraus - representing a rate increase of $22. Additionally, Petitioner requests $165 per hour for 2023 work performed by paralegal Megan Vignocchi. Motion at 14-15. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

I note this case required additional briefing regarding the issue of damages and participation in an expedited Motions Day hearing. *See* Status Report, filed Mar. 1, 2022, ECF No. 41 (reporting that the parties were unable to resolve the damages in this case by agreement); Petitioner's damages brief, filed May 5, 2022, ECF No. 43; Hearing Minute Entry, dated Jan. 30, 2023. Petitioner's counsel expended approximately 16.70 hours drafting his damages brief. Attachment to Motion at 12. I find this amount of time to be reasonable, especially given that this case involved a GBS injury.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 24-46. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $56,793.30 (representing $54,854.10 for fees and $1,939.20 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Edward Kraus.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
